3s 547
e112a² 83

SIMEON RYDER *et al.*, appellants, *v.* JOHN B. GLOVER, appellee.

*Appeal from Madison.*

Where a judgment is rendered against one of two defendants, and a *scire facias* issued to make the other a party to the judgment, an attachment may be sued out in aid of the *scire facias.*

A *scire facias* to make a defendant a party to a judgment already rendered against his co-defendant, is not an original action, like a *scire facias* on a bail bond, &c., but merely a continuance of the action against the defendant who was not served with the original process.

Under the fourth section of the practice act, where several defendants are joined in one action, a part only of whom are served with process, and the rest not found, the plaintiff taking judgment against those served with process, may at any time afterwards have a summons in the nature of a *scire facias*, against the defendants not found, to make them parties to the judgment, although he fails to obtain an order of the Court for that purpose.

THE proceedings in this cause, in the Court below, were had before the Hon. Sidney Breese, at the April term, 1841.

N. D. STRONG and JUNIUS HALL, for the appellants.

A. COWLES and JOHN M. KRUM, for the appellee.

TREAT, Justice, delivered the opinion of the Court:
Ryder and Frost brought an action of *assumpsit* in the Madison Circuit Court, against Caleb Stone and John B. Glover. The summons was served on Stone, and there was a return of *non est inventus* as to Glover. At the August term, 1839, the default of Stone was entered, and a judgment rendered against him for $6622.91; but no order was obtained for a *scire facias* against Glover. In July, 1840, the plaintiffs, without having obtained any order of the Court for the purpose, sued out of the clerk's office a *scire facias* against Glover, to make him a party to the judgment. At the same time they filed an affidavit, showing the non-residence of Glover, and his joint liability with Stone, for the payment of the debt on which the judgment had been rendered, and sued out an attachment against the estate of Glover, in aid of the *scire facias.* The return on the *scire facias* was " not found," and the writ of attach-

Ryder *et al. v.* Glover.

ment was served on Stephen Griggs, as a garnishee. Publication was made, and at the return term, the Court, on the motion of Glover, dismissed the attachment, as having been improperly issued. This decision is assigned for error. It appears from the record, that the motion to dismiss the attachment was made for the reasons; first, that the *scire facias* was improperly issued, and therefore, no attachment could be sued out in aid of it; and, secondly, that an attachment will not lie in aid of a proceeding by *scire facias.*

The first question has already been decided in this Court in the case of Tiffany *et al. v.* Breese. (1) In that case it was held that under the fourth section of the practice act, where several defendants are joined in one action, a part only of whom are served with process, and the rest not found, the plaintiff, taking judgment against those served with process, may at any time afterwards have a summons in the nature of a *scire facias,* against the defendants not found, to make them parties to the judgment, although he fails to obtain an order of the Court for that purpose. The *scire facias,* then, in the present case, was properly issued, and the only remaining question is, whether an attachment can be issued in aid of a *scire facias.*

The proceeding by *scire facias,* under this provision of our statute, is not an original action, like a *scire facias* on a bail bond, or on a recognisance, but merely a continuance of the action against the defendant, who was not served with the original process. The action as to the defendant served with process, has passed into a judgment, but as to the other, it is still pending and undetermined. If, therefore, an attachment could have been issued in aid of the suit as originally instituted, the present attachment was properly brought. The 30th section of the attachment act (2) provides that the plaintiff in any action of debt, covenant, trespass, or assumpsit, commenced by summons, may at any time while the action is pending, and before judgment therein, sue out an attachment in aid thereof, upon showing sufficient cause for the issuance thereof, as is required by other sections of the act. The suit against Stone and Glover was within the provisions of this section, and the *scire facias* being but a continuance of the action as to Glover, the attachment was properly sued out, and the Court erred in dismissing it.

For this error, the judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*

(1) *Ante* 499.                    (2) R. L. 94; Gale's Stat. 72.